## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD COLLIER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 12-1302 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| PROGRESSIVE INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiffs' Motion to Remand[1] will be granted.

Plaintiffs' allegations against Defendant Zona easily survive the standards in the

Third Circuit regarding fraudulent joinder.  *Compare* First Amer. Title Ins. Corp. v. JP Morgan

Chase & Co., 2010 WL 2340178, *2 (3d Cir. Jun. 10, 2010) ("joinder is fraudulent where there

is no reasonable basis in fact or colorable ground supporting the claim against the joined

defendant, or no real intention in good faith to prosecute the action against the defendant or seek

a joint judgment") (citation to quoted source and internal quotations omitted) *with* Compl.

(filed under Doc. 1-2) at ¶¶ 26-32 & Count IV (identifying abundantly reasonable grounds for

good faith claims against Zona).  Defendants, moreover, have made no effort to demonstrate

fraudulent misjoinder.  *See generally* In re Fosamax Litig., 2012 WL 1118780, *2-3 (D. N.J.

Apr. 3, 2012) ("[w]hereas fraudulent joinder focuses on the substantive deficiencies of a claim

against a joined party, fraudulent misjoinder focuses on procedural deficiencies of a party's

joinder," as governed by federal or state rules regarding permissive joinder).

---

[1]  *See* text Order dated Sept. 18, 2012 (construing Plaintiffs' filing under Doc. 3 as Motion to
Remand).

The fraudulent misjoinder doctrine has been approached with trepidation in this Circuit, and the Court declines to endorse it *sua sponte*.  *See* Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp., 2011 WL 6721775, *7 (D. N.J. Dec. 20, 2011) (noting "concerns over widespread uncertainty regarding acceptance of the doctrine and confusion applying the appropriate standard," and declining to apply doctrine "[a]bsent direct guidance from the Third Circuit [Court]") (citations omitted); *see also* *In re* Fosamax at *3 (limiting application of doctrine to "large pharmaceutical product liability actions").  Even had Defendants made arguments regarding fraudulent misjoinder, the Court is not convinced that Plaintiffs' joinder of Zona rises to the level of "egregious."  *See* *In re* Fosamax at *3 (for misjoinder doctrine to apply, joinder must be "egregious" or "grossly improper") (citations omitted).

For all of the reasons stated above, Plaintiffs' Motion to Remand is GRANTED, and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Westmoreland County, Pennsylvania.

IT IS SO ORDERED.


October 4, 2012                                  s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record